IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES WILLIAMSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. __________ |
| | § | |
| BASF CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT BASF CORPORATION'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, *et seq.*, Defendant BASF Corporation ("BASF") removes this action from the 412th Judicial District Court of Brazoria County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division, and respectfully states to this Court as follows:

1. On October 30, 2025, Plaintiff Charles Williamson ("Plaintiff") filed a civil action against BASF in the 412th District Court of Brazoria County, Texas, Cause Number 137453-CV.

2. BASF was served with a copy of Plaintiff's Original Petition (the "Petition") on November 4, 2025. BASF files this notice or removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1).

3. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy exceeds $75,000 and it is between citizens of different states.

## I. BASF HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of November 4, 2025—the date of service of the Petition on BASF.

5. Pursuant to 28 U.S.C. §§ 124(b)(1) and 1441(a), venue is proper in the United States District Court for the Southern District of Texas, Galveston Division, because the state court where the suit has been pending is located in this district.

6. Pursuant to 28 U.S.C. § 1446(d), BASF is filing written notice of this removal with the clerk of the state court in which the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d) and upon all known counsel of record in this action.

7. Pursuant to Southern District of Texas Local Rule 81, BASF Corporation attaches the following indexed documents to this removal:

(i) all executed process in this case (Exhibit A);

(ii) pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross-actions, third-party actions, interventions, and all answers to such pleadings (Exhibit B);

(iii) all orders signed by the state Judge (Exhibit C) (none);

(iv) the docket sheet (Exhibit D);

(v) an index of matters being filed (Exhibit E); and

(vi) a list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

## II. REMOVAL IS PROPER IN THIS CASE

8. Removal is proper because there is complete diversity of citizenship between Plaintiff and BASF. *See* 28 U.S.C. § 1332(a)(1).

9. Plaintiff Charles Williamson is a citizen of Missouri. Orig. Pet. ¶ 2.

10. BASF Corporation is a Delaware corporation with its principal place of business in New Jersey. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); Ex. G, Declaration of Mary Erin Brennan.

11. Because Plaintiff, who is a citizen of Missouri, has brought suit individually against BASF, which is a citizen of Delaware and New Jersey, complete diversity exists. 28 U.S.C. § 1332(a)(1).

12. Additionally, the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. *See* 28 U.S.C. 1332(a).

13. Plaintiff seeks to recover damages in excess of $1,000,000. Orig. Pet. §VII.

14. Accordingly, the amount in controversy requirement is met. *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("We ordinarily consult the state court petition to determine the amount in controversy.").

## III. CONCLUSION

Because there is complete diversity of citizenship between Plaintiff and BASF, and because the amount in controversy exceeds the minimum jurisdictional requirement, the Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441, *et. seq.*

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Kevin T. Jacobs*

Kevin T. Jacobs
State Bar No. 24012893
Lexie Ammons
State Bar No. 24131852
910 Louisiana Street
Houston, Texas 77002-4995
713.229.1234
713.229.1522 (Fax)
kevin.jacobs@bakerbotts.com
lexie.ammons@bakerbotts.com

ATTORNEYS FOR DEFENDANT
BASF CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 3, 2025, a true and correct copy of the above and foregoing was served on all known counsel of record via the Court's electronic filing system and/or email, as follows:

Terry Bryant
Michael Simcoe
Terry Bryant PLLC
8584 Katy Freeway, Suite 100
Houston, Texas 77024
msimcoe@terrybryant.com
service@terrybryant.com

*/s/ Lexie Ammons*
Lexie Ammons